NOT DESIGNATED FOR PUBLICATION

No. 120,656

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL A. WINDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 27, 2019. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: After being sentenced to probation for attempted aggravated battery and attempted robbery, the district court released Michael A. Winder and ordered him to report to the probation office. Instead, he immediately fled to Texas. This was the second time he had done so during his case. About a year later, he was arrested and extradited to Kansas, where the district court revoked his probation and ordered him to serve his underlying 30-month prison sentence.

1

Winder appeals, claiming that the district court abused its discretion by not imposing a lesser sanction and allowing him to finish his probation in Texas, where his family and seriously ill daughter lived. Kansas law gives a district court the discretion to revoke probation without first imposing lesser sanctions when the defendant absconds from probation. K.S.A. 2018 Supp. 22-3716(c)(8)(B). Winder concedes that he absconded. A reasonable person could agree with the district court that Winder should not continue on probation after twice leaving the state with no intention to return. The district court did not abuse its discretion and we affirm its decision.

FACTUAL AND PROCEDURAL BACKGROUND

As part of a plea agreement with the State, Winder pled guilty to one count of attempted robbery and one count of attempted aggravated burglary. Given Winder's criminal history score of G, the presumptive sentence for the attempted robbery was 24 months of probation with an underling prison sentence of 15, 16, or 17 months. The presumptive sentence for attempted aggravated battery was 24 months of probation with an underlying 11-, 12-, or 13-month prison sentence. As part of the plea agreement, the State agreed to recommend the presumptive probation term and the high number for each prison sentence, 17 months and 13 months.

After Winder entered his guilty plea, the district court released him on bond with instructions to appear at the sentencing hearing on June 28, 2017, the next month. Winder failed to appear at the sentencing hearing and the district court issued a bench warrant for his arrest. Months later, Winder was arrested in Texas. Winder explained that he had gone to Texas for a family funeral and decided to stay.

In December 2017 the district court held the sentencing hearing. The district court followed the State's recommendation imposing 24 months of probation with underlying

2

prison sentences of 17 and 13 months. It ran Winder's sentences consecutive rather than concurrent for a total underlying prison sentence of 30 months.

The district court ordered Winder to report immediately for probation after being released. He did not do that. Upon release, Winder fled back to Texas. The State alleged a probation violation for Winder's failure to report to his probation officer and the district court issued a bench warrant for his arrest. Nearly a year later, Winder was arrested in Texas and extradited to Kansas. The State alleged two additional violations: (1) leaving Kansas without permission, and (2) absconding from supervision.

The district court held a hearing to address the three probation violations. Winder admitted each violation. The State requested the court to revoke probation and impose the underlying 30-month prison sentence. The State argued that Winder had no intention of following through with probation, noting that he fled to Texas twice. Winder acknowledged that he had made mistakes, but asked the court to impose a 30- or 60-day sanction instead of revoking his probation. He claimed he had returned to Texas because that was where his daughter who had leukemia lived along with the rest of his family. Winder also asked the district court to allow him to complete his probation in Texas. Winder thought he could successfully complete his probation in Texas because he had a job and a supportive family.

The district court revoked Winder's probation and imposed the underlying 30-month sentence. The court noted that Winder failed to appear at the first sentencing hearing and that once he was released after the second sentencing hearing he failed to even report to the probation office as ordered. Instead, he disappeared for nearly a year. The district court found that Winder absconded as contemplated by K.S.A. 2018 Supp. 22-3716(c)(8)(B) which allowed for immediate imposition of incarceration. The district court also found that revocation served Winder's interests in that he could complete his sentence and then return to Texas to care for his daughter. It justified the revocation

3

under K.S.A. 2018 Supp. 22-3716(c)(9)(A), which allows a district court to revoke probation without first imposing a lesser sanction if the lesser sanction would not serve the defendant's welfare.

Winder timely appeals.

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
WHEN IT REVOKED WINDER'S PROBATION AFTER HE ABSCONDED TO TEXAS

On appeal, Winder argues that the district court erred when it revoked his probation because it could have imposed less severe sanctions first. According to the State, Winder's past trips to Texas show that he does not have any intention of following through with his probation. The State requests this court affirm the district court's order revoking Winder's probation.

Once a probation violation has been established the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). K.S.A. 2018 Supp. 22-3716 limits that discretion by requiring a district court to impose intermediate sanctions before ordering the defendant to serve the underlying prison sentence. Those provisions do not apply and an intermediate sanction is not required when it is determined that defendant absconded while on probation. The court may revoke probation and impose the underlying sentence. K.S.A. 2018 Supp. 22-3716(c)(8)(B)(i).

Winder admitted to absconding. The district court had the discretion to revoke his probation. This court reviews the decision to revoke probation for an abuse of discretion. Unless the district court has made a legal or factual error, this court will find an abuse of discretion only when no reasonable person would agree with the court's decision. *State v.*

4

*Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Winder makes no such claim and no such error exists.

Winder argues that it was unreasonable for the district court to revoke his probation when it could have imposed an intermediate sanction and let him complete probation in Texas. Doing so would have allowed him to care for his sick daughter, keep his job, and comply with the terms of his probation in a supportive environment.

Winder's burden is to show that no reasonable person could agree with the district court's ruling. A reasonable person could conclude that the district court was right to revoke his probation. Winder had fled to Texas twice with no apparent intention to return to Kansas and complete his probation. Given that fact, it was reasonable for the district court to conclude that Winder was not a good candidate for another chance at probation.

Affirmed.